# ORPHANS' COURT OF BALTIMORE CITY

Filed June 3, 1891.

## IN THE MATTER OF THE ESTATE OF ELEANOR S. BOWEN.

*Henry Stockbridge*, attorney for Elizabeth V. Taylor, plaintiff.

*Edwin G. Baetjer*, attorney for Clifton E. Krebs, defendant.

GANS and EDWARDS, JJ.—

This matter comes before the Court by petition of Elizabeth V. Taylor, a niece, alleging an improvident grant of letters of administration to Clifton E. Krebs, and praying a revocation of the same.

This petition is fully answered by the administrator, denying that the letters were improvidently granted, and claiming to be a creditor.

The testimony in the case shows the following facts:

1. Application for letters of administration was made by Clifton E. Krebs, in person, shortly after the death of the intestate, he stating that there were no relatives, to his knowledge, nearer than a grand nephew, who desired his (Krebs') appointment.

2. This application was permitted to stand unchallenged for two weeks, and letters were not granted until twenty days had elapsed from the date of the death of the intestate, and more than seven days from the date of application therefor.

3. No application for letters was made to the Court by the petitioner either in person or by her representative, until after letters had been granted to the said Clifton E. Krebs.

4. There were no relatives nearer to the intestate than nieces and nephews,

and they were renouncing their right to administer in favor of the petitioner and her counsel.

Sec. 16, Art. 93 of the Code fixes the time beyond which it shall not be necessary to delay the grant of letters of administration at twenty days from the death of the intestate, and seven days after notice of application for the same.

Sec. 33, Art. 93, expressly states that it shall not be necessary to summon or notify collateral relations more remote than brothers and sisters, in order to exclude them from the administration, nor shall they be considered as entitled to administration unless they shall apply for the same.

Sec. 31, Art. 93 confers on the Orphans Court the absolute right of discretionary selection in the appointment of an administrator, when those not entitled to notice shall neglect to apply.

The only question involved in this case is: Was the grant of letters to Clifton E. Krebs improvident?

The Court has given the testimony in this case and the law governing and directing the granting of letters of administration careful and thoughtful examination, and is of the opinion that there was not an improvident grant of letters in this estate for the reasons:

1. That complainant had no right to notice, being under the law too far removed in relationship to require it; and

2. That the twenty days rule was fully complied with, as expressly indicated in Sec. 16, Art. 93 of the Code.

The allegation which was made by counsel for the petitioner in his argument, that the Court was misled by the statement of the administration as to the non-existence of relations nearer than the grand nephew previously mentioned, does not alter or change the condition of the petitioner, for without application, which was not made, she would not have been entitled to notice, and no reason appearing to the contrary, no further delay would have been permitted than that determined by Sec. 16, Art. 93.

The Court therefore having absolute discretion, the grant of letters cannot be deemed improvident.

If, however, the grant had been improvident it would have been the bounden duty of the Court, to revoke the same, but as it was made in the exercise of the proper jurisdiction of the Court, in accordance with the provisions of the law, it can be revoked only for sufficient cause arising after the grant of letters had been made.

No such cause has been either alleged or shown to the Court, and therefore the grant must stand.

The complainant having at best but a limited right conditional on applying within such reasonable time as the Court guided by the statute and the decisions made by the Court of Appeals, excluded herself by non-compliance with such condition. And a knowledge of the existence, in the State, of the petitioner and other relatives of the same degree would neither have increased their right, nor abridged that of the Court.

Therefore, in view of the circumstances of this case, as gathered from the law, the testimony and the arguments of the respective counsel, the Court is of the opinion that the petition should be dismissed.

Therefore, it is this 3rd day of June, 1891, ordered by the Orphans' Court of Baltimore City, that the petition be dismissed, the costs to be paid out of the estate.